# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-1226V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
GERALD L. JOHNS
*as Administrator of the Estate of*
CONNIE M. JOHNS,

                Petitioner,

             v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: September 6, 2017

Decision by Stipulation; Damages;
Influenza ("flu") Vaccine;
Guillain-Barré Syndrome ("GBS").

*Rudolph L. Massa*, Massa Law Group, PC, Pittsburgh, PA, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 21, 2015, Connie M. Johns filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS"), as a result of her December 10, 2012, influenza ("flu") vaccine. Petitioner further alleges that she experienced the residual effects of this condition

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

from the date of the vaccination. Petitioner subsequently died on June 12, 2016, and Petitioner's brother, Mr. Gerald L. Johns, appears as Petitioner on the former Petitioner's behalf.

Respondent denies that the flu vaccine caused Petitioner's GBS or any other injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on September 6, 2017) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $160,000.00 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

GERALD L. JOHNS, as administrator of the estate of the estate of CONNIE M. JOHNS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 15-1226V
Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Connie Johns filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to Connie Johns' receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Connie Johns received the influenza vaccination on or about December 10, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the influenza vaccine caused Connie Johns to develop Guillain-Barre Syndrome and that she experienced the residual effects of this condition for more than six months.

---

[1] Connie Johns filed a petition under the Vaccine Program on October 21, 2015, seeking compensation for injuries allegedly caused by an influenza vaccination she received on December 10, 2012. On June 12, 2016, Connie Johns passed away. On July 12, 2016, Gerald Johns was appointed administrator of Connie Johns' Estate. On July 29, 2016, the court granted petitioner's motion to substitute Gerald Johns as the petitioner herein.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Connie Johns' Guillain-Barre Syndrome and/or her death.

6. Respondent denies that the influenza immunization is the cause of Connie Johns' alleged Guillain-Barre Syndrome or any other injury or condition or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $160,000.00 in the form of a check payable to petitioner, as the legal representative of the Estate of Connie Johns. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner has filed documentation establishing his appointment as Administrator of the Estate of Connie Johns under the laws of the state of Pennsylvania.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as administrator of Connie Johns' Estate and her heirs, heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccine administered on or about December 10, 2012, as alleged by Connie Johns in a petition for vaccine compensation filed on or about October 21, 2015, in the United States Court of Federal Claims as petition No. 15-1226V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Connie Johns' Guillain-Barre Syndrome or any other injury or her death; or that Connie Johns' death occurred as the result of a vaccine-related injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Connie Johns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Gerald L. Johns*
GERALD L. JOHNS

**ATTORNEY OF RECORD FOR PETITIONER:**

RUDOLPH MASSA
MASSA BUTLER GIGLIONE
Suite 1543
401 Liberty Avenue
Pittsburgh, PA 15222

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

*Catharine E Reeves by Heather Pearlman*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

DATE: 9/6/2017