# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1226V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| GERALD L. JOHNS *as Administrator of* | * | |
| *the Estate of* CONNIE M. JOHNS, | * | |
| | * | |
| Petitioner, | * | Filed: May 7, 2018 |
| | * | |
| v. | * | Decision; Final Fees and Costs; |
| | * | Local versus Forum Rates. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

*Rudolph L. Massa,* Massa Law Group, PC, Pittsburgh, PA, for Petitioner.

*Camille M. Collett,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART A FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 21, 2015, Connie Johns filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Ms. Johns alleged that she suffered from Guillain-Barré syndrome ("GBS"), as a result of her December 10, 2012 influenza ("flu") vaccine. Petitioner subsequently died on June 12, 2016, and Petitioner's brother, Mr. Gerald

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

L. Johns, appeared as Petitioner on the former Petitioner's behalf. Following the filing of medical records, the parties ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on September 6, 2017, which I adopted by decision that same day (ECF No. 29).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 4, 2018. *See* Motion for Attorney's Fees and Costs, dated Apr. 4, 2018 (ECF No. 33) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $31,429.71 (representing $29,424.00 in attorney's fees, plus $2,005.71 in costs). *Id.* at 2.[3]

Petitioner specifically asks that counsel, Mr. Rudolph Massa, be reimbursed at a rate of $500 per hour for work completed from 2013-2017. *See* Fees App. at 2; *see generally* Ex. 1 to Fees App (ECF No. 33-1). Petitioner also requests $140 per hour for the work of a paralegal completed in 2013-2016. *See generally* Ex. 1 to Fees App. Petitioner further requests reimbursement for costs, amounting to $2,005.71. *See* Fees. App. at 2. The total cost requested reflects expenses for medical records requests, postage and mailing costs, and legal research fees. *Id.*

Respondent filed a document reacting to the fees request on April 9, 2018, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 34 at 2-3.

## Analysis

**I. Relevant Law Governing Attorney's Fees**

Vaccine Program petitioners who receive compensation for their injuries are by statute entitled to an award of "reasonable" attorney's fees and costs. Section 15(e)(1). Special masters have discretion in determining what a reasonable fees award is, and may reduce hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Determining the appropriate amount of a fees to award is a two-part process. The first part

---

[3] Petitioner did not file a General Order No. 9 Statement in connection with his fee application. I therefore deem Petitioner to have waived any additional costs not otherwise requested herein.

involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down. *Avera*, 515 F.3d at 1348.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera,* 515 F.3d at 1348 (Fed. Cir. 2008, citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). As the Federal Circuit stated in *Avera*, inclusion of the *Davis* exception ensures against a "windfall" – meaning paying a lawyer in a rural or less expensive locale more than she would otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at1349. *McCulloch* established the hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

After the hourly rate is determined, the reasonableness of the total hours expended must be determined. *Sabella*, 86 Fed. Cl. at 205-06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983).

**II. The Massa Firm Should Receive Forum Rates**

With all of the above in mind, I turn to Petitioner's requested rates in this matter. Although Petitioner's counsel, Mr. Massa, does not specifically argue that Pittsburgh, Pennsylvania is an in-forum locale, he does request forum rates. In support, Mr. Massa cites to a 2018 state court case from Allegheny County, Pennsylvania, awarding him $500 per hour for work completed under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. *See* Ex. 2 to Fees App. (ECF No. 33-2). However, the case cited by Mr. Massa is not supportive of a reasonable rate request in the Vaccine Program. While the case does address an appropriate rate for an attorney in Pennsylvania for work in state court, it does not evidence similar rates for attorney work under a *comparable* federal fee-shifting statute.

In prior decisions involving whether an attorney should receive a forum rate, I have looked to federal district court decisions from the relevant geographic location to assess what attorneys receive for fee awards doing work comparable to that performed in Vaccine Act cases. *See, e.g.,*

*Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). While there are many federal fee-shifting statutes that provide for attorney's fees, not all work performed under such statutes is the equivalent. Although Vaccine Act work can involve complex scientific and medical matters, the actual attorney work has long been deemed somewhat less demanding, given the relaxed evidentiary standards, absence of discovery and attendant disputes, and role the special masters play in helping resolve cases. *See Dezern*, 2016 WL 6678496, at *4 (citing *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)). As a result, district court fees awards from the lawyer's practice locale, and under federal statutes involving attorney work *comparable* to that performed in the Vaccine Program, are the proper benchmark for evaluating whether an attorney's hourly rate would be deemed a forum rate in the Program. *See Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL 6350600, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2017); *Dezern*, 2016 WL 6678496, at *5.

I have reviewed Petitioner's proposed rates, and in addition (in keeping with my inquisitorial role in deciding the matters before me) I have conducted my own review of a sampling of federal fees decisions from Pennsylvania district courts applying Pittsburgh rates. These decisions reveal a wide variety of awards, depending on the nature of work performed, under comparable fee-shifting statutes. In addition, I note that in a previous decision, I determined that a Pittsburgh-based attorney (with ten years of experience) was entitled to an hourly rate of $250 per hour based on a sampling of federal district court decisions from the U.S. District Court for the Western District of Pennsylvania. *See Barrett v. Sec'y of Health and Human Servs.*, No. 09-389V, 2014 WL 2505689, at *11-12 (Fed. Cl. Spec. Mstr. May 13, 2014).[4]

Updated research to the present (as the chart below details) illustrates rates range from $170 per hour to $450 per hour, depending on position and experience for attorneys in Pittsburgh:

| Case Name | Claim Type | Rate | Attorney's Experience |
|---|---|---|---|
| *Price v. Aman & Nikhil, Inc.*, 2014 WL 4262179, at *1 (W.D. Pa. Aug. 27, 2014). | FLSA* | $450<br>$335<br>$175 | Partner (30+ years)<br>Associate (15 years)<br>Associate (1.5 years) |

---

[4] This determination was made prior to the release of the *McCulloch* decision, however, laying out a set fee schedule for awarding attorney's fees in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); OSM Hourly Rate Chart: 2015 (awarding an attorney with ten years of experience a rate range of $275-350).

| | | | |
|---|---|---|---|
| *Best v. Best*, 2016 WL 5402717, at *3 (W.D. Pa. Sept. 28, 2016). | ICARA* | $200/hr | Attorney (10 years) |
| *Caplan v. Premium Receivables LLC*, 2015 WL 4566982, at *5 (W.D. Pa. July 29, 2015). *Jackson v. Allied Interstate, LLC,* 2013 WL 3990875, at *8-9 (W.D. Pa. Aug. 5, 2013). | FDCPA* | $300/hr $300/hr $250 $200 $110 | Attorney (8-9 years, 30+ years) Partner (20+ years) Associate (12 years) Associate (3-7 years) Paralegal |
| *Decarmen v. Comm. of Social Sec.*, 2015 WL 5286620, at 5 (W.D. Pa. Sept. 8, 2015). | EAJA* | $170/hr | Attorney (9 years) |
| * Fair Labor Standards Act (FLSA); International Child Abduction Remedies Act (ICARA); Federal Debt Collection Practices Act (FDCPA); Equal Access to Justice Act (EAJA). | | | |
| | | | |

After consideration of the aforementioned law and facts, I conclude that the difference between the local rates in Pittsburgh awarded under comparable fee-shifting statues and the forum rates are insufficiently different to apply the *Davis* exception. For example, the low-end forum rate in 2017 for an attorney with comparable experience to Mr. Massa's 19 years of practice is $307 per hour. *See McCulloch*, 2015 WL 5634323, at *19; *see also* Attorney's Forum Hourly Rate Fee Schedule: 2017 ("OSM Hourly Rate Chart: 2017")[5] (awarding attorney's with 11-19 years of experience a rate range of $307-$383 depending on years of practice and Program experience). That amount is not significantly different (and is in fact lower) from what an attorney in the Pittsburgh area has been paid for comparable work under a federal fee-shifting statute. *See, e.g.*, *Price v. Aman & Nikhil, Inc.*, 2014 WL 4262179, at *1 (W.D. Pa. Aug. 27, 2014) (awarding a range of $335-$450 for an attorney with 15-30 years of experience in a FLSA case). There is no precise percentage differential mandated by case law that must be applied when determining if the difference in rates is "very significant" under the *Davis* exception. But the above cases indicate that the difference between rates awarded under comparable statutes in Pittsburgh, Pennsylvania

---

[5] The Attorney's Forum Hourly Rate Fee Schedule: 2017 is available on the Court's website (http://www.uscfc.uscourts.gov/node/2914).

do not meet the standard. Therefore, because I find that the *Davis* exception does not apply in this case, and I will award the Massa Firm in-forum rates.

### III. Attorney's Fees and Costs to be Awarded to Counsel

Now that I have determined that the Massa Firm will receive in-forum rates, I must decide what rate within the *McCulloch* range is appropriate in light of counsel's relevant years of practice experience and his experience with Vaccine Program cases. Petitioner requests a rate or $500 per hour Mr. Massa's work on this matter from 2013-2017. Mr. Massa's fee application states that he has been practicing law for 19 years and has relevant Program experience.[6] Fees App. at 2. Under *McCulloch*, the rate range for an attorney of his experience (19 years) is $307-$383 per hour in 2017. *See* OSM Hourly Rate Chart: 2017. Mr. Masa's requested rate of $500 per hour for 2017 is thus well <u>over</u> the highest end rate awarded to Program attorneys with substantially more experience. *Id.* (awarding attorneys with 31+ years of experience a rate range of $394-$440). Thus, counsel's requested rate will be adjusted as it does not correspond with his years of practice experience in light of the rates set forth in *McCulloch*.

I will instead compensate Mr. Rudolph at a rate of $320 per hour for his work in 2017. This amount fairly corresponds to Mr. Massa's experience with the Program (which is not as extensive as the practitioners commanding the highest amounts at the top of the rate ranges). It also takes into account the fact that, although Pittsburgh may meet the legal standard for "in forum," it is not precisely comparable to some of the larger cities that clearly also fall within that category, like New York City or Chicago, where actual local rates charged outside the Program may be <u>twice</u> what is paid for Vaccine Act work - thereby justifying some fine tuning differentiation for rates, even among forum cities. The requested rates for 2013-2016 will also be adjusted consistent with the producer price index office of lawyers ("PPI-OL") to provide for inflation downward.[7] After applying the PPI-OL, the rates for Mr. Rudolph that I award herein are as follows: $320 per hour for 2017, with reductions to $312 per hour for 2016, $306 per hour for 2015, $295 per hour for 2014, and $289 per hour for 2013.

---

[6] Two of Mr. Massa's previous Program cases resulted in a fee stipulation. *See Thorton v. Sec'y of Health & Human Servs.*, No. 14-965V, 2015 WL 4915154 (Fed. Cl. Spec. Mstr. July 23, 2015); *McGrath v. Sec'y of Health & Human Servs.*, No. 11-521V, 2013 WL 1812208 (Fed. Cl. Spec. Mstr. Apr. 8, 2013). The remainder of his cases are currently pending before the Court.

[7] The special masters have found the producer price index for lawyers ("PPI–OL") to be a persuasive measure of inflation downward. For example, the 2016 rate was calculated by dividing the 2017 rate of $320 per hour by (the PPI-OL number for January 2016 divided by the PPI-OL number for January 2015), resulting in $312 per hour after rounding to the nearest dollar.

I will also adjust the rate requested for paralegal time ($140 per hour), as it similarly falls outside of the *McCulloch* rate range for the years requested. The OSM Hourly Rate Chart: 2015-2016 awards paralegals a rate of $125-145 per hour for work completed during that year. I will award Petitioner a rate of $130 per hour for paralegal work completed in 2016 to better correspond with rates awarded in *McCulloch*. The amounts awarded for 2013-2015 will also be adjusted using the PPI-OL to provide for downward inflation, resulting in rates of: $130 per hour for 2016, $127 per hour for 2015, $122 per hour for 2014, and $119 per hour for 2013.

Finally, Petitioner requests a total of $2,005.71 in costs associated with this matter (representing medical records requests, postage costs, and legal research fees). *See generally* Fees App. These costs appear to be reasonable and will be awarded in full.

With respect to the total hours billed, I make some additional adjustments. Upon my review of the billing record, I have identified two instances of improper billing practices. Mr. Massa billed an attorney rate for gathering and scanning medical records, as well as reviewing Vaccine Program rules (both conducted in the year 2015). Ex. 1 to Fees App. at 5 (referencing .8 hours billed for scanning medical records on 10/21/2015 and 1.10 hours for reviewing vaccine rules on 11/09/2015). The Program does not, however, reimburse attorneys at an attorney rate for administrative tasks. *See, e.g.*, *Prokopeas v. Sec'y of Health & Human Servs.*, No. 04-1717V, 2017 WL 6763067, at *6 (Fed. Cl. Spec. Mstr. Dec. 5, 2017) (citing *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989)). I will thus award Mr. Massa the time billed for scanning medical records at the paralegal rate awarded for 2015 ($127 per hour), resulting in a fee reduction of $298.40. In addition, the Program does not reimburse attorneys for time billed getting up to speed with Vaccine Court rules. *See, e.g.*, *Lasnetski v. Sec'y of Health & Human Servs.*, No. 14-580V, 2017 WL 6008748, at *4 (Fed. Cl. Spec. Mstr. Nov. 2, 2017); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2017 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007)). I will also reduce Mr. Massa's fee award by $350.00 (representing the time billed for reviewing court rules).[8] This results in a reduction of $648.40 (in addition to the overall hourly reduction to Mr. Massa's fee award).

I otherwise do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Accordingly, I award a total of **$19,705.11** (representing $17,699.40 in attorney's fees, plus $2,005.71), a total fees and costs reduction of $11,724.60. The amounts awarded for each year (at the reduced rates determined above) are as follows:

---

[8] In this particular entry, Mr. Massa billed 1.10 hours for reviewing Vaccine Court rules and reviewing the Initial Order in this case. I thus only reduced his award by .7 hours to allow for the time spent reviewing the Initial Order. *See* Ex. 1 to Fees App. at 5.

**Mr. Massa's Awarded Fees**:

| Hours/Rate: | Awarded: |
|---|---|
| **2013:** 1.8 hours X $289 | $520.20 |
| **2014:** 6.1 hours X $295 | $1,799.50 |
| **2015:** 25.8 hours X $306 | $7,894.80 |
| **2016:** 18.7 hours X $312 | $5,834.40 |
| **2017:** 4.6 hours X $320 | $1,472.00 |
| **Additional Reduction:** | -$648.40 |
| **Total:** | **$16,872.50** |

**Paralegal Awarded Fees**:

| Hours/Rate | Awarded |
|---|---|
| **2013**: .7 hours X $119 | $83.30 |
| **2014**: 1.5 hours X $122 | $183.00 |
| **2015**: 3.8 hours X $127 | $482.60 |
| **2016:** .6 hours X $130 | $78.00 |
| **Total**: | **$826.90** |

**Costs Awarded:**

| Requested | Awarded |
|---|---|
| $2,005.71 | **$2,005.71** (no reduction) |

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$19,705.11** (representing $17,699.40 in attorney's fees, plus $2,005.71), in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Rudolph Massa, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[9]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.